STATE OF NORTH CAROLINA v. WILLIAM JACKSON PARR

No. 8321SC345

(Filed 6 December 1983)

1. **Criminal Law § 91— Interstate Agreement on Detainers—requirements to invoke**

   To invoke the Interstate Agreement on Detainers, the defendant must file a request for disposition with the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction.

2. **Criminal Law § 91— Interstate Agreement on Detainers—no request for disposition to county of charges**

   The Interstate Agreement on Detainers, G.S. 15A-761, did not require the dismissal of Forsyth County charges against defendant for failure to try defendant within 180 days following his request for a disposition of charges against him where Forsyth County never filed a detainer against defendant, and defendant only filed a request for a speedy trial in Guilford County relating to charges against him in that county.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 15 December 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 17 November 1983.

Defendant was charged in a proper bill of indictment with uttering a forged check. He was found guilty as charged and from a judgment imposing a prison sentence of five years, he appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Michael Rivers Morgan, for the State.*

*William B. Gibson for the defendant, appellant.*

HEDRICK, Judge.

The sole question presented for review is whether the court committed reversible error by denying defendant's motion to dismiss the charges due to the State's failure to try defendant within the time period required by N.C. Gen. Stat. Sec. 15A-761, the Interstate Agreement on Detainers.

On 20 March 1981, Forsyth County issued a warrant against defendant for uttering a forged check. On 7 March 1981 defendant had been arrested in Oklahoma on an Oklahoma charge. In April 1981, defendant was sentenced by an Oklahoma court to three

years in prison. In the latter part of 1981, Guilford County filed a detainer against the defendant based upon four outstanding Guilford County warrants. On 4 February 1982, defendant requested a speedy trial pursuant to the provisions of the Interstate Agreement on Detainers. Defendant was returned to Guilford County on 31 March 1982. On 9 April 1982, while he was imprisoned in the Guilford County jail awaiting disposition of his cases, Forsyth County authorities served several warrants on defendant, including the 20 March 1981 warrant. On 7 September 1982, following dismissal of the Guilford County charges, defendant was taken to Forsyth County. On 23 November 1982, he filed a motion to dismiss the charges against him. This motion was amended on 29 November 1982.

Defendant contended in his motion that the provisions of N.C. Gen. Stat. Sec. 15A-761 were applicable to his Forsyth County case, and that since more than 180 days had elapsed following his request for a speedy trial pursuant to Article III of the Interstate Agreement on Detainers he was entitled to a dismissal. In the alternative, defendant alleged he was entitled to a dismissal under the statute because more than 180 days had elapsed since he had been served with the Forsyth County charges. Following a hearing conducted on 29 November 1982, Judge Rousseau denied defendant's motion.

N.C. Gen. Stat. Sec. 15A-761 in pertinent part provides:

## Article III

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: . . . .

(d) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed. . . .

[1, 2]  The Interstate Agreement on Detainers clearly relates only to those charges which are the basis for the issuance of the detainer. To invoke the Agreement the defendant must file a request for disposition with the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction. In the case *sub judice* a detainer was filed against defendant in Oklahoma based upon four outstanding warrants from Guilford County. The defendant's request for disposition related only to the Guilford County charges. Defendant's own evidence shows that Forsyth County never filed a detainer against him and that he never filed a request for a speedy trial in Forsyth County. Defendant's Forsyth County case, therefore, does not fall within the purview of the Interstate Agreement on Detainers, and the court did not err in its denial of defendant's motion to dismiss.

No error.

Judges WHICHARD and BECTON concur.